# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH HECKENSWILER, on her own** | ) | |
| **behalf, and as Administratrix of the Estate of** | ) | |
| **John Heckenswiler, deceased, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **NO.  06-cv-4151** |
| | ) | |
| **CHIEF BRIAN K. MCLAUGHLIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## MEMORANDUM & ORDER

**RUFE, J.**                                                                   **December 11, 2008**

Plaintiffs Deborah Heckenswiler and Terry Musselman bring state and federal claims arising from the death of John Heckenswiler ("Decedent") after an armed standoff with law enforcement officers in September 2004.  Plaintiffs now seek leave to file a second amended complaint to substitute Lieutenant Robert Queen, Sergeant Steve Hilias, Corporal Frank Bochenek and Corporal Carol Battistini ("Unnamed Officers") for the John Does 1-20 listed in the Amended Complaint.[1]  Defendants Chief James Donnelly filed a response to this Motion,[2] as did the Pennsylvania State Police ("PSP").[3]  Before resolving this Motion, the Court will summarize the procedural history of this case.

Plaintiffs' Complaint was filed on September 15, 2005 against Defendants Chief Brian K. McLaughlin, Sergeant Edward C. Murphy, Chief James Donnelly, Colonel Jeffrey B. Miller,

---

[1]Plaintiffs' Motion Seeking Leave to Amend Amended Complaint [Document No. 90] ("Pls.' Mot.").

[2]Brief in Opposition to Plaintiff's Motion Seeking Leave to Amend Amended Complaint [Document No. 92] ("Donnelly Resp.").

[3]Defendant Pennsylvania State Police's Response to Plaintiffs' Motion Seeking Leave to Amend Amended Complaint [Document No. 91] ("PSP Resp.").

John Does 1-20, Springfield Township, Bucks County, the PSP, and the Commonwealth of Pennsylvania.[4]  All Defendants, except Bucks County and John Does 1-20, filed Motions to Dismiss.[5]  Before ruling on the Motions, the Court held a Rule 16 scheduling conference on April 16, 2007.[6]  The Court then issued an April 17, 2007 Scheduling Order, which in relevant part, granted Plaintiffs sixty days to file any amended pleadings, including those adding or deleting parties.[7]  On May 21, 2007, the Court granted in part and denied in part Defendants' Motions to Dismiss, dismissing some of Plaintiffs' claims yet none of the Defendants.[8]  In compliance with the Court's April 17, 2007 Order, Plaintiffs filed their Amended Complaint on June 15, 2007, amending portions of the remaining claims but not adding any new defendants.[9]

Plaintiff does not dispute that during the course of discovery, several items were produced with information pertaining to the Unnamed Officers.  With respect to Queen, the PSP alleges that on April 16, 2007, it produced to Plaintiffs a PSP General Investigation Report containing the report of said Unnamed Officer, as well as his name plainly written at the top.[10]  Moreover, on July 11, 2007, the PSP asserts that it produced the initial disclosures of the PSP

---

[4]Compl. [Document No. 1].

[5]See Defendants Commonwealth of Pennsylvania, the Pennsylvania State Police, Jeffrey B. Miller and Edward C. Murphy's Motion to Dismiss [Document No. 8]; Defendants, Chief Brian K. McLaughlin and Springfield Township's Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Document No. 9]; and Defendant Chief James Donnelly's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Document No.13].

[6]See Minute Entry [Document No. 25].

[7]Order, April 17, 2007 [Document No. 21] ¶ 1.

[8]Memorandum and Order, May 21, 2007 [Document No. 24].

[9]Am. Compl. [Document No. 27].

[10]PSP Resp. Ex. A. at *1.

and Defendants Murphy and Miller, in which Queen was mentioned as someone with information pertaining to this action.[11]  Finally, in the initial disclosures of Defendant Donnelly sent to Plaintiffs on February 13, 2007, Queen is listed as a witness who is likely to have discoverable information.[12]  With regard to Unnamed Officers Hilias, Bochenek and Battistini, Defendant Donnelly points to a June 17, 2007 cover letter from Plaintiffs attached to documents produced and Bates-stamped by Plaintiffs with numbers P3 to P383.[13]  Defendant Donnelly contends that among the documents produced was the Central Bucks Special Response Team ("CBSRT") Event Log which identified Hilias, Bochenek and Battistini.[14]  This log references "Steve" as a negotiator with whom Decedent spoke.[15]  Moreover, Bochenek and Battistini are clearly listed as negotiators who spoke with Decedent.[16]  Plaintiffs do not dispute these contentions of the PSP and Defendant Donnelly, nor do they offer any evidence to the contrary. Plaintiffs even admit that the identity of Hilias, Bochenek and Battistini became known during discovery.[17]

On August 10, 2007, Defendant Bucks County filed a Motion for Summary Judgment.[18] Attached to this Motion as Exhibit B was a report by Defendant Donnelly detailing the

---

[11]PSP Resp. Ex. B ¶ 1.c.

[12]PSP Resp. Ex. B ¶ 5.A.8.

[13]Donnelly Resp. Ex. A at *1.

[14]Donnelly Resp. at *3-*4; Ex. A ("Event Log").

[15]Event Log at *8-*9.

[16]Id. at *8-*14.

[17]Pls.' Mot. ¶ 8, 9.

[18]Def. Bucks County's Mot. for Summ. J. [Document No. 34].

involvement of the CBSRT in the September 2004 incident.[19]  This report specifically notes that "Sgt. S. Hilias" was assigned as the primary negotiator, and that he spoke with Decedent several times.[20]  The report also notes that "Cpl. F. Bochenek" and "Cpl. C. Battistini" negotiated with Decedent as well.[21]  In addition to this report, the aforementioned CBSRT Event Log was also attached as Exhibit B.[22]  Viewing the report and the event log together, the Court finds it clear that Hilias, Bochenek and Battistini each negotiated with Decedent for the CBSRT.  Ultimately, Defendant Bucks County's Motion was dismissed as premature with leave to file at the end of discovery.[23]

The deadline for fact discovery was December 5, 2007.[24]  Nevertheless, the depositions of Decedent's sister and father were taken on January 18, 2008.[25]  Plaintiffs' counsel participated in both depositions.[26]  Decedent's sister, while discussing the negotiators that had spoken with Decedent, mentioned a woman negotiator named Carol, as well as two men named Frank and Steve.[27]  Decedent's father also mentioned a woman negotiator, as well as a man named Frank.[28]

---

[19]Id. Ex. B ("Report").

[20]Report at *1.

[21]Id. at *2.

[22]Def. Bucks County's Mot. for Summ. J. Ex. B.

[23]Order, March 13, 2008 [Document No. 56].

[24]See Order, November 5, 2007 [Document No. 42].

[25]Donnelly's Resp. Exs. B, C.

[26]Donnelly's Resp. Exs. B at 2, C at 2.

[27]Donelly Resp. Ex. B at 49:18-23, 51:3-4, 73:1-3, 14-16.

[28]Donnelly Resp. C at 49:24-50:3, 50:68.

Bucks County renewed its Motion for summary judgment on March 28, 2008.[29]  All other Defendants had filed for summary judgment by February 15, 2004.[30]  Plaintiffs failed to respond to these motions, forcing the Court to order Plaintiffs to respond.[31]  A fuller history of Plaintiffs' dilatoriness and failure to comply with Court Orders can be found in that memorandum opinion.[32]  On September 29, 2008, the Court granted in part and denied in part Defendants' motions for summary judgment.[33]  Relevant to the instant Motion, the Court dismissed Defendant Bucks County.[34]  Moreover, the Court dismissed the § 1983 claim of Plaintiff Terry Musselman for damage to his property under the Fourth Amendment, much of which appeared to have been caused by the PSP.[35]  Finally, the Court ordered Plaintiffs to show cause why Defendants John Does 1-20 should not be dismissed in light of this Court's April 17, 2007 Order.[36]  In response to that order to show cause, Plaintiffs filed the instant Motion.

The grant or denial of leave to amend under Rule 15(a) of the Federal Rules of Civil

---

[29]Co-Defendant County of Bucks' Motion for Summary Judgment Under Federal Rule of Civil Procedure 56(b) [Document No. 58].

[30]Defendants, Brian K. McLaughlin and Springfield Township's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 [Document No. 51]; Defendant Pennsylvania State [sic], Miller and Murphy's Motion for Summary Judgment [Document No. 52]; and Motion for Summary Judgment of Defendant James Donnelly [Document No. 53].

[31]Memorandum Opinion and Order, August 11, 2007 [Document No. 67].

[32]Id.

[33]Memorandum and Order, September 29, 2008 [Document No. 87].

[34]Id. at *20-*21.

[35]Id. at *15-*18, *27-*29.

[36]See Memorandum and Order, September 29, 2008.

5

Procedure "is within the sound discretion of the district court."[37]  Leave to amend, however, should be freely given so that plaintiffs may be afforded the opportunity to test their claims on the merits.[38]  Yet, leave to amend will be denied in the case of "undue delay, bad faith and futility."[39]  For example, "[w]hen a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied."[40]  Undue delay will not be found because of the mere "passage of time, without more . . . at some point, [however,] the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."[41]

The Third Circuit has consistently recognized that "prejudice to the non-moving party is the touchstone for the denial of an amendment."[42]  The Third Circuit has found that granting a motion for leave to amend would put an unwarranted burden on the trial court and result in prejudice to the opposing party when the amendment would have asserted new claims, additional discovery would have been needed, the motion was filed months after the factual basis for the amendment was known by the moving party and after summary judgment motions had been filed.[43]  When a party seeks to amend its complaint "after summary judgment has been granted to the adverse party, other courts have recognized that the interests in judicial economy and finality

---

[37]Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978).

[38]See Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).

[39]Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006).

[40]Id.

[41]Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984) (citations omitted).

[42]Arthur, 434 F.3d at 204 (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)).

[43]See Berger v. Edgewater Steel Co., 911 F.2d 911, 923-24 (3d Cir. 1990).

of litigation may become particularly compelling."[44]

Here, Plaintiffs seek to add Unnamed Officer Queen as the person in charge of the PSP officers, and the one responsible for the assault on Decedent and the damage to Plaintiff Musselman's property.[45]  Plaintiffs also seek to add Unnamed Officers Hilias, Bochenek and Battistini for their actions while negotiating with Decedent, and it would seem, as a basis for liability against Defendant Bucks County.[46]  In seeking to add new defendants, Plaintiffs plainly seek to assert new claims.  Moreover, additional discovery would be warranted to ascertain, among other things, the role of each of the Unnamed Officers in the September 2004 incident. Based on the documents produced during discovery, as detailed above, the Court also finds that the factual basis for Plaintiffs' amendment was known at least fifteen months prior to the filing of the instant Motion.  Thus, the Court finds that when Plaintiffs failed to add any new defendants despite having leave to do so, Plaintiffs actually had information in their possession that revealed the identity of Unnamed Officers.  Finally, the Court has already decided summary judgment motions, dismissing Defendant Bucks County as well as Plaintiff Musselman's claim for damage to his property. This matter is now ready for trial.  Hence, the Court finds that granting Plaintiffs leave to file a second amended complaint would prejudice the non-moving parties and place an unwarranted burden on the Court, and therefore, finds undue delay on the part of Plaintiffs in seeking to amend.

Plaintiffs seek to excuse their delay by claiming that Defendants actively concealed the

---

[44]Cureton v. Nat'l Coll. Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).

[45]Pls.' Mot. ¶ 8.

[46]Id. ¶ 9.

7

identities of Unnamed Officers.[47]  This contention in the face of ample evidence to the contrary as detailed above is at least spurious, if not disingenuous.  Moreover, Plaintiffs' argument that Defendants have not moved to strike the John Doe designations is inapposite.[48]  It is well within the Court's discretion to manage its cases as it sees fit.[49]  While the Court will continue to diligently pursue justice for all parties in this case, it must demand that Plaintiffs do the same.  There may well be viable claims against Unnamed Officers, but the Court cannot and will not allow Plaintiffs' unexcused inaction to prejudice Defendants or to further derail the resolution of this matter.  Hence, the Court will deny Plaintiffs' Motion.[50]

Plaintiffs did not directly respond to the Court's September 29, 2008 Order to show cause why Defendants John Does 1-20 should not be dismissed.  Instead, Plaintiffs filed their Motion in response, seemingly relying on it to establish cause.[51]  As the Court will deny Plaintiffs' Motion, the Court finds that Plaintiffs have failed to show cause why Defendants John Does 1-20 should not dismissed and thus, will dismiss these Defendants from the case.

An appropriate order follows.

---

[47]Id. ¶ 13.

[48]Id.

[49]See Yakowicz v. Commonwealth of Pa., 683 F.2d 778, 784 (3d Cir. 1982).

[50]As the Court will deny Plaintiffs' Motion on the ground of undue delay, the Court need not decide whether under Rule 15(c), the proposed amendment would relate back to the original complaint for statute of limitations purposes.  See FED. R. CIV. P. 15(c).  Thus, the Court makes no findings with regard to Rule 15(c) or the futility of the proposed amendment.

[51]Pls.' Mot. ¶ 13.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEBORAH HECKENSWILER, on her own** | ) | |
| **behalf, and as Administratrix of the Estate of** | ) | |
| **John Heckenswiler, deceased, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | **NO.  06-cv-4151** |
| | ) | |
| **CHIEF BRIAN K. MCLAUGHLIN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## MEMORANDUM & ORDER

     **AND NOW**, this 11th day of December, 2008, upon consideration of "Plaintiffs' Motion Seeking Leave to Amend Amended Complaint" [Document No. 90], "Defendant Pennsylvania State Police's Response to Plaintiffs' Motion Seeking Leave to Amend Amended Complaint" [Document No. 91], and Defendant Chief James Donnelly's "Brief in Opposition to Plaintiff's Motion Seeking Leave to Amend Amended Complaint" [Document No. 92], it is hereby **ORDERED** that Plaintiffs' Motion is **DENIED**.  Moreover, as Plaintiff has failed to show cause why Defendants John Does 1-20 should not be dismissed in light of this Court's April 17, 2007 Order pursuant to the Court's Order dated September 29, 2008 [Document No. 87], it is therefore **FURTHER ORDERED** that Defendants John Does 1-20 are **DISMISSED**.

     It is so **ORDERED**.

                    **BY THE COURT:**

                    **/s/ Cynthia M. Rufe**

                    _____

                    **CYNTHIA M. RUFE, J.**